[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS MOTION FOR MODIFICATION OF CHILD SUPPORT
On November 28, 1995, the marriage of the parties was dissolved by a judgment of this court (Shortall, J.). The judgment incorporated the separation agreement of the parties. By their agreement, the parties stipulated, inter alia, that the defendant-husband would pay to the plaintiff-wife the sum of $200.00 per week as child support for the parties' two minor children. Both parties were represented by counsel and at the time of the judgment each was canvassed by the court. Among other things, each was asked if they understood the agreement, if they had discussed it with their respective attorneys and if they each thought it was a fair and equitable agreement.
The support guidelines worksheet (#110) indicated that the defendants actual support obligation was $181.00 and noted CT Page 5197 that the reason for the $200.00 support order was due to the fact that fathers hours of employment would vary seasonally.
Thereafter the court accepted the parties' agreement and incorporated it into the final judgment.
On April 24, 1998, the defendant filed the instant motion for a reduction in his child support obligation. He subsequently testified that he had changed employment and while he continued to be employed as a carpenter, his gross income had been reduced by approximately $200.00 per week to $601.19, and that his net weekly income was down approximately $114.00 per week to $432.00.
The defendant now works for a family owned business and a review of his payroll records covering the thirteen weeks prior to the hearing on this motion discloses that when his average IRA contribution is added back, his average net weekly income is approximately $450.00 (Pl. Ex. 1).
Having heard the evidence and testimony, the court finds that at the time of the hearing on this motion the plaintiffs net weekly income was $616.00 and the defendants net weekly income, after adjustment was $450.00. The combined net weekly income was S1066.00, [$1066.00], and the support obligation for the two minor children was $330.00. The defendant's pro rated share of that amount is found to be $138.00.
The court further finds that the plaintiff paid a total of $67.50 per week for extraordinary expenses for the minor children for tuition and gymnastics. The court apportions one-half of said expenses to the defendant in the amount of $33.75 per week. The defendant's weekly obligation is found to be $171.75 per week.
The court hereby grants the defendant's motion for modification and, having taken into consideration the guideline recommendations, the court orders that the defendant pay to the plaintiff the sum of $175.00 per week as child support for the period from May 26, 1998 to the date of this order.
The defendant is to be credited with the amount by which he may have made payments to the plaintiff in an amount in excess of $175.00 per week during that period. The court estimates that amount to be approximately $1125.00 provided the defendant has consistently paid $200.00 per week as child support during that period. To effectuate that adjustment of payments, the defendant CT Page 5198 is ordered to pay to the plaintiff the weekly amount of $150.00 per week until the amount to be credited to the defendant is realized.
Either party may move this court to modify this obligation based upon a substantial change in circumstances between May 26, 1998 and the date of this order.
By the Court,
Joseph W. Doherty Judge